UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE SWEENEY,

    *Plaintiff*,

v.

ASSOCIATION OF INDEPENDENT MORTGAGE EXPERTS, UNITED WHOLESALE MORTGAGE, LLC, and SARAH DECIANTIS,

    *Defendants*.

_____/

Case No. 2:26-cv-10073

Hon. Linda V. Parker

Magistrate Judge Anthony P. Patti

## DEFENDANTS UNITED WHOLESALE MORTGAGE, LLC AND SARAH DECIANTIS'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants United Wholesale Mortgage, LLC ("UWM") and Sarah DeCiantis ("Ms. DeCiantis") (collectively, "Defendants"), by and through their undersigned counsel, Troutman Pepper Locke, LLP, hereby answer Plaintiff Katherine Sweeney's ("Plaintiff") First Amended Complaint ("Complaint") with affirmative defenses.

## PARTIES

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants deny each and every allegation of the Complaint not expressly admitted herein.

1.1     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.1 and, therefore, deny all such allegations.

1.2     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.2 and, therefore, deny all such allegations.

1.3     UWM admits only that it is a limited liability company with its principal place of business in the state of Michigan. UWM denies that the causes of action stated in the Complaint arise out of any business UWM may have conducted in Texas. UWM denies that it is subject to personal jurisdiction in Texas, but does not deny that jurisdiction is proper in this Court. UWM neither admits nor denies the remaining allegations in paragraph 1.3 for the reason that they state conclusions of law to which no response is required.  As the allegations in paragraph 1.3 are not directed to Ms. DeCiantis, no response is required from Ms. DeCiantis.

1.4     Defendants admit the allegations in paragraph 1.4

1.5     Ms. DeCiantis admits only that she is a citizen of the state of Michigan. Ms. DeCiantis denies that "she has done business in Texas." Ms. DeCiantis denies that she is subject to personal jurisdiction in Texas, but does not deny that jurisdiction is proper in this Court. Ms. DeCiantis neither admits nor denies the remaining allegations in paragraph 1.5 for the reason that they state conclusions of

law to which no response is required. As the allegations in paragraph 1.5 are not directed to UWM, no response is required from UWM.

1.6  Ms. DeCiantis denies the allegations in paragraph 1.6 for the reason that they state conclusions of law to which no response is required. As the allegations in paragraph 1.6 are not directed to UWM, no response is required from UWM.

## DIVERSITY JURISDICTION

2.1  Defendants admit that the Complaint pleads an amount in controversy of in excess of $75,000, but they deny liability in any amount. Ms. DeCiantis further admits that she is a citizen of the State of Michigan and UWM admits that it is a limited liability company organized under the laws of the State of Michigan. Defendants neither admit nor deny the remaining allegations in paragraph 2.1 for the reason that they state conclusions of law to which no response is required.

2.2  Defendants neither admit nor deny the remaining allegations in paragraph 2.2 for the reason that they state conclusions of law to which no response is required. In further response, Defendants deny that venue is proper in the State of Texas, but do not challenge venue in this Court.

## FACTUAL BACKGROUND

3.1  UWM admits only that it is a title sponsor of Association of Independent Mortgage Experts ("AIME").  Ms. DeCiantis admits only that she serves as the Executive Vice-President and Chief Marketing Officer of UWM. The remaining allegations in this paragraph are admitted upon information and belief.

3

3.2     Defendants deny the allegations as stated in the first sentence of paragraph 3.2 and further deny that Ms. DeCiantis approved a press release announcing Plaintiff as CEO of AIME. Defendants deny that they were aware of Plaintiff's minority ownership in BAB Management LLC at the time referenced in paragraph 3.2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the manner in which they are plead in paragraph 3.2 and, therefore, deny all such allegations.

3.3     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding AIME's "financials" in the manner in which they are plead in paragraph 3.3 and, therefore, deny all such allegations. Defendants deny the remaining allegations in paragraph 3.3.

3.4     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.4 and, therefore, deny all such allegations.

3.5     Defendants admit the allegations contained in paragraph 3.5.

3.6     Defendants admit the allegations contained in the second-to-last sentence of paragraph 3.6, but deny the allegations as stated in the last sentence of paragraph 3.6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.6 and, therefore, deny all such allegations.

3.7   The allegations in this paragraph reference a written document that speaks for itself and, accordingly, no response is required. Defendants deny any allegation inconsistent with the written document.

3.8   Defendants admit only that Ms. DeCiantis was notified of Plaintiff's resignation from AIME. Defendants deny the remaining allegations as stated in paragraph 3.8.

3.9   Defendants deny the allegations as stated in the first sentence of paragraph 3.9. Defendants admit the remaining allegations contained in paragraph 3.9.

3.10   The allegations in paragraph 3.10 reference a written document that speaks for itself and, accordingly, no response is required. Defendants deny any allegation inconsistent with the written document.

3.11   Defendants deny the allegations set forth in the final sentence of paragraph 3.11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3.11 and, therefore, deny all such allegations.

3.12   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.12 and, therefore, deny all such allegations.

3.13    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.13 and, therefore, deny all such allegations.

3.14    Defendants deny the allegations in paragraph 3.14.

3.15    Defendants deny the allegations in paragraph 3.15.

## INCORPORATION OF FACTS BY REFERENCE

4.1    Defendants incorporate by reference their responses to paragraphs 1.1 through 3.15 as if set forth herein.

## BREACH OF CONTRACT

5.1    As the allegations in paragraph 5.1 are not directed to Defendants, no response is required. To the extent the allegations are directed in any manner to Defendants, they are denied.

5.2    As the allegations in paragraph 5.2 are not directed to Defendants, no response is required. To the extent the allegations are directed in any manner to Defendants, they are denied.

## TORTIOUS INTERFERENCE

6.1    Defendants deny the allegations in paragraph 6.1.

## CONDITIONS PRECEDENT

7.1    To the extent the allegations in paragraph 7.1 state conclusions of law, no response is required. To the extent the allegations are deemed factual, they are denied.

## **ATTORNEY'S FEES**

8.1 As the allegations in paragraph 8.1 are not directed to Defendants, no response is required. To the extent the allegations are directed in any manner to Defendants, they are denied.

WHEREFORE, Defendants United Wholesale Mortgage, LLC and Sarah DeCiantis respectfully request that this Court dismiss the Complaint in its entirety, award Defendants their costs and attorneys' fees in this matter, and grant such other and further relief as the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or unclean hands.

3. Plaintiff's claims are barred, in whole or in part, for the reason that the injuries or damages alleged were caused by the conduct or omissions of persons or entities over whom Defendants exercised no control.

4. Plaintiff cannot state a claim for tortious interference with the "Transition Agreement" because the alleged interference by Defendants did not proximately cause Plaintiff's complained of injury.

5. Plaintiff cannot state a claim for tortious interference with the "Transition Agreement" because Defendants did not willfully and intentionally interfere with the aforementioned agreement.

6. Any performance owing under the "Transition Agreement" was excused by the doctrines of mistake, frustration of purpose, impracticability, illegality, misrepresentation and/or impossibility of performance.

7. The "Transition Agreement" is void or otherwise unenforceable for the reason that the aforementioned agreement was void *ab initio*.

8. The "Transition Agreement" is void or otherwise unenforceable as it was procured by fraud.

9. Plaintiff's damages claim is barred as the "Transition Agreement" is void or otherwise unenforceable under Texas law.

10. Plaintiff failed to act in accordance with her duty of good faith and fair dealing in performing her obligations under the "Transition Agreement."

11. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate her damages.

12. Plaintiff has not satisfied the conditions precedent to bringing her claims in this suit.

13. Plaintiff's claims are barred for the reason that Defendants, at all times, acted in accordance with federal and state law.

14. Defendants reserve the right to assert any and all additional Affirmative Defenses that may be determined during the course of discovery.

WHEREFORE, Defendants United Wholesale Mortgage, LLC and Sarah DeCiantis respectfully request that this Court dismiss the Complaint in its entirety,

award Defendants their costs and attorneys' fees in this matter, and grant such other and further relief as the Court deems appropriate.

| | |
|---|---|
| Dated:  January 16, 2026 | Respectfully submitted, |

*/s/ Matthew J. Lund*
MATTHEW J. LUND (P48632)
TROUTMAN PEPPER LOCKE LLP
500 Woodward Avenue, Suite 2800
Detroit, Michigan 48226
(248) 359-7300
Matthew.lund@troutman.com

JESSICA L. ROLLS (*admission pending*)
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, TX  75201
214.740.8000
Jessica.rolls@troutman.com

*Attorneys for Defendants United Wholesale Mortgage, LLC and Sarah DeCiantis*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KATHERINE SWEENEY,

      *Plaintiff*,

v.

ASSOCIATION OF INDEPENDENT MORTGAGE EXPERTS, UNITED WHOLESALE MORTGAGE, LLC, and SARAH DECIANTIS,

      *Defendants*.
_____/

Case No. 2:26-cv-10073

Hon. Linda V. Parker

Magistrate Judge Anthony P. Patti

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2026, I caused a copy of the foregoing Defendants United Wholesale Mortgage, LLC and Sarah DeCiantis's Answer To Plaintiff's First Amended Complaint and Affirmative Defenses and this Certificate of Service to be electronically filed with the U.S. District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

                                        */s/ Matthew J. Lund*
                                        MATTHEW J. LUND (P48632)