**UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF MICHIGAN SOUTHERN
DIVISION**

|  |  |
|---|---|
| KATHERINE SWEENEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br><br>ASSOCIATION OF INDEPENDENT MORTGAGE EXPERTS, UNITED WHOLESALE MORTGAGE, LLC, and SARAH DECIANTIS<br><br>　　　　　　Defendants. | Case No. 2:26-cv-10073<br><br>District Judge Linda V. Parker<br><br>Magistrate Judge Anthony P. Patti |

**PLAINTIFF'S UNNOPOSED MOTION
REQUESTING RULE 16 CONFERENCE**

Plaintiff Katherine Sweeney ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 16 and Eastern District of Michigan Local Rule 16.1(b), for entry of a scheduling order and for the Court to set a Rule 16 conference to address case management and the orderly progression of this matter.

This action was transferred to this Court from the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) on January 8, 2026. Since transfer, the Court has not entered a scheduling order, and no Rule 16 conference has been held. As a result, the case presently lacks a governing schedule

1

for discovery, motion practice, or trial.

Although the parties previously engaged in scheduling proceedings in the transferor court, including the entry of a scheduling order, those proceedings predate both the transfer of this action and the addition of new parties. The current posture of the case—including the addition of two new defendants and the passage of time—renders the prior schedule inapplicable to the proceedings in this Court.

Since transfer, the parties have engaged in informal settlement discussions. While those discussions have been ongoing, they have not resulted in a resolution, and no scheduling order is currently in place to govern further proceedings. A Rule 16 conference will assist the Court and the parties in establishing an updated schedule, clarifying the scope and sequencing of additional discovery, and ensuring the efficient resolution of this matter.

Pursuant to Local Rule 7.1(a), undersigned counsel sought concurrence and Defendants concur.

WHEREFORE, Plaintiff respectfully requests that the Court (1) schedule this matter for a Rule 16 conference at the Court's convenience, and (2) enter a scheduling order governing further proceedings.

DATED: May 5, 2026

Respectfully Submitted,

Joseph P. Rockers (*pro hac vice*)
Andrew F. DiMaiti (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts  02210
Tel:  (617) 570-1000
*jrockers@goodwinlaw.com*
*ddimaiti@goodwinlaw.com*

/s/ Jeffrey M. Thomson
Jeffrey B. Morganroth (P41670)
Jeffrey M. Thomson (P72202)
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue
Suite 200
Birmingham, Michigan  48009
Tel:  (248) 864-4000
*jmorganroth@morganrothlaw.com*
*jthomson@morganrothlaw.com*

*Counsel for Plaintiff*

3

**UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF MICHIGAN SOUTHERN
DIVISION**

KATHERINE SWEENEY,

                Plaintiff,

   v.


ASSOCIATION OF INDEPENDENT
MORTGAGE EXPERTS, UNITED
WHOLESALE MORTGAGE, LLC,
and SARAH DECIANTIS

                Defendants.

Case No. 2:26-cv-10073

District Judge Linda V. Parker

Magistrate Judge Anthony P. Patti

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S UNNOPOSED MOTION REQUESTING
<u>RULE 16 CONFERENCE</u>**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

BACKGROUND ................................................................................................1

LEGAL STANDARD..........................................................................................2

ARGUMENT .....................................................................................................3

I.     The Absence of a Scheduling Order Following Transfer Warrants a Rule 16 Conference ........................................................................................................3

II.    Settlement Efforts Have Concluded, and the Case Must Now Proceed...........4

III.   A Scheduling Conference Will Promote Efficiency and Clarify Next Steps...5

CONCLUSION....................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

28 U.S.C. § 1404(a) ...............................................................................................2

**Other Authorities**

Fed. R. Civ. P. 16................................................................................1, 2, 3, 4

E.D. Mich. LR 16.1................................................................................1, 4

iii

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Whether this Court should set a Rule 16 conference and enter a scheduling order where, following transfer of this action, no scheduling order has been entered?

  **Answer: Yes.**

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 16

E.D. Mich. LR 16.1

## INTRODUCTION

Plaintiff respectfully requests that the Court set a Rule 16 conference and enter a scheduling order. Since this action was transferred from the Northern District of Texas in January 2026, the case has proceeded without a governing schedule.

Following the transfer, the parties engaged in informal settlement discussions in an effort to resolve this matter without burdening the Court or incurring the costs of full-scale litigation in a new forum. Plaintiff pursued those post-transfer discussions in good faith, and they have now run their course without producing a resolution.

The time for scheduling this case is now. Plaintiff respectfully requests that this Court exercise its authority under Federal Rule of Civil Procedure 16 and Eastern District of Michigan Local Rule 16.1 to convene a scheduling conference so that the parties and the Court may establish a framework for the efficient resolution of this matter. This is not an extraordinary request. It is the ordinary course contemplated by the Federal and Local Rules. Given the transfer, the addition of two new parties, and the absence of a current schedule, Court intervention under Rule 16 is appropriate to ensure the efficient progress of this matter.

## BACKGROUND

Plaintiff originally filed this action in the 48th District Court of Tarrant County, Texas in February 2025. AIME removed to the Northern District of Texas

on April 10, 2025. The Northern District of Texas court entered a scheduling order on August 29, 2025, setting deadlines for discovery, dispositive motions, and trial. The parties conducted a first mediation on August 13, 2025, which was unsuccessful. Plaintiff moved for leave to add UWM and DeCiantis on October 28, 2025. The court granted the motion on December 11, 2025. The court further extended the deadlines for mediation and dispositive motions. The First Amended Complaint was filed the same day adding UWM and DeCiantis as defendants. A second mediation was conducted on December 22, 2025; the case did not resolve.

On January 7, 2026, all parties filed an Agreed Motion to Transfer Venue to this Court pursuant to 28 U.S.C. § 1404(a), because all three Defendants are Michigan entities or residents and this Court is the most convenient and proper forum. The case was opened in this Court on January 9, 2026.

All three Defendants have answered the First Amended Complaint in this Court. UWM and DeCiantis answered on January 16, 2026. AIME's pleadings carried over on transfer. All parties have entered appearances. As of the date of this motion, no scheduling order has been entered, no Rule 16 conference has been set, and the case has no governing schedule for discovery, motion practice, or trial.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16 requires active judicial management of the pretrial process. Rule 16(a) permits this Court to order the parties to appear for

pretrial conferences for a variety of reasons, including to "expedit[e] disposition of the action" and "establish[] early and continuing control so that the case will not be protracted because of lack of management." Fed. R. Civ. P. 16(a)(1)–(2).

Further, Rule 16(b) mandates that the Court "must issue a scheduling order" after receiving the parties' Rule 26(f) report or after consulting with the parties at a scheduling conference. Fed. R. Civ. P. 16(b)(1). The Rule further requires that such an order must be issued "as soon as practicable," and, absent good cause, "within the earlier of 90 days after service or 60 days after a defendant's appearance." Fed. R. Civ. P. 16(b)(2). Consistent with these requirements, courts routinely enter scheduling orders to govern discovery and pretrial proceedings. The absence of such an order leaves the case without the structure contemplated by Rule 16.

In addition, this Court's Local Rules expressly permit a party to request that the Court convene a pretrial conference in advance of any court-initiated scheduling conference. E.D. Mich. LR 16.1(b) ("Counsel . . . in any case may petition the Court to hold a pretrial conference at a time prior to the setting of a conference by order of the Court.").

## ARGUMENT

### I. The Absence of a Scheduling Order Following Transfer Warrants a Rule 16 Conference

This case was transferred to this District in January 2026 and has not yet been subject to a scheduling order in this Court. While the parties previously engaged in

scheduling proceedings in the Northern District of Texas, including the entry of a scheduling order, those proceedings occurred prior to transfer and do not reflect the current posture of the case. The passage of time and the transfer itself have rendered prior deadlines impracticable. The case presently lacks any governing deadlines for discovery, dispositive motions, or trial. The parties have continued to explore potential resolution following transfer, but those efforts have not resolved the matter. In the absence of a scheduling order, further progress in the case is limited.

For all of these reasons, this Court should exercise its authority under Federal Rule of Civil Procedure 16 and E.D. Mich. Local Rule 16.1 to convene a scheduling conference at which the parties can establish a governing schedule for this case.

## II.     Settlement Efforts Have Concluded, and the Case Must Now Proceed

Following transfer, the parties engaged in informal settlement discussions in an effort to resolve this matter without burdening the Court with the costs and demands of scheduling, discovery, and motion practice. Plaintiff did not file this motion earlier because, for a period of time following transfer, it appeared that a negotiated resolution remained achievable. Those discussions have now concluded without producing a resolution. The parties have reached the point at which continued deferral of litigation is no longer appropriate or sustainable. The litigation must now advance under the governance of a scheduling order.

## III.    A Scheduling Conference Will Promote Efficiency and Clarify Next Steps

A Rule 16 conference will allow the Court and the parties to establish a workable and current scheduling order; address the scope and sequencing of discovery in light of the current parties and claims; set appropriate deadlines for motion practice; and ensure that the case proceeds in a just, speedy, and efficient manner.

Establishing a scheduling framework will also facilitate any continued settlement discussions by providing structure and clarity regarding the progression of the case.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion, set a Rule 16 conference, and enter a scheduling order governing further proceedings in this matter.

DATED: May 5, 2026

Joseph P. Rockers (*pro hac vice*)
Andrew F. DiMaiti (*pro hac vice*)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts  02210
Tel:  (617) 570-1000
*jrockers@goodwinlaw.com*
*ddimaiti@goodwinlaw.com*

Respectfully Submitted,

*/s/ Jeffrey M. Thomson*
Jeffrey B. Morganroth (P41670)
Jeffrey M. Thomson (P72202)
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue
Suite 200
Birmingham, Michigan  48009
Tel:  (248) 864-4000
*jmorganroth@morganrothlaw.com*
*jthomson@morganrothlaw.com*

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2026, I electronically filed the foregoing document with the Clerk of the Court using the Court's electronic filing system which will send notification of such filing to counsel in this matter registered with the Court's electronic filing system.

MORGANROTH & MORGANROTH, PLLC

/s/ Jeffrey M. Thomson
JEFFREY M. THOMSON (P72202)
*Counsel for Plaintiff*

6