**UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF MICHIGAN SOUTHERN
DIVISION**

KATHERINE SWEENEY,

               Plaintiff,

   v.

ASSOCIATION OF INDEPENDENT MORTGAGE EXPERTS, UNITED WHOLESALE MORTGAGE, LLC, and SARAH DECIANTIS

              Defendants.

Case No. 2:26-cv-10073

District Judge Linda V. Parker

Magistrate Judge Anthony P. Patti

**PLAINTIFF'S MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Plaintiff Katherine Sweeney ("Plaintiff"), by and through her undersigned counsel, respectfully moves this Court to grant Plaintiff leave to file a Second Amended Complaint.  Plaintiff states as follows:

1.    The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence.

2.    Plaintiff has prepared a Second Amended Complaint (attached as **Exhibit 1**) which seeks to name Marc Summers as a Defendant and add additional

1

claims in the alternative for promissory estoppel and breach of the warranty of authority.[1]

3.      The additional claims asserted in Plaintiff's proposed Second Amended Complaint are based upon substantially the same factual allegations as the claims in Plaintiff's First Amended Complaint.

4.      Currently, the deadline to amend pleadings is June 26, 2026, the discovery cutoff is January 15, 2027, and the dispositive motion cutoff is May 28, 2027.  *See* ECF No. 24 (Scheduling Order).  Plaintiff does not believe that the additional claims and parties will require material additional discovery or a revised scheduling order that is longer than the one recently entered in this case.

WHEREFORE, Plaintiff respectfully requests that this Court GRANT the instant Motion and enter an order granting Plaintiff leave to file the proposed Second Amended Complaint attached as **Exhibit 1**.

---

[1] Plaintiff has attached as **Exhibit 2** a redlined copy of the proposed Second Amended Complaint reflecting the changes from Plaintiff's First Amended Complaint.

DATED: June 26, 2026                    Respectfully Submitted,

Joseph P. Rockers                       */s/ Jeffrey M. Thomson*
Andrew F. DiMaiti                       Jeffrey B. Morganroth (P41670)
GOODWIN PROCTER LLP                     Jeffrey M. Thomson (P72202)
100 Northern Avenue                     MORGANROTH & MORGANROTH, PLLC
Boston, Massachusetts  02210            344 North Old Woodward Avenue
Tel:  (617) 570-1000                    Suite 200
*jrockers@goodwinlaw.com*               Birmingham, Michigan  48009
*ddimaiti@goodwinlaw.com*               Tel:  (248) 864-4000
                                        *jmorganroth@morganrothlaw.com*
                                        *JThomson@morganrothlaw.com*

                                        *Counsel for Plaintiff*

3

**UNITED STATES DISTRICT
COURT EASTERN DISTRICT
OF MICHIGAN SOUTHERN
DIVISION**

KATHERINE SWEENEY,

               Plaintiff,

   v.

ASSOCIATION OF INDEPENDENT
MORTGAGE EXPERTS, UNITED
WHOLESALE MORTGAGE, LLC,
and SARAH DECIANTIS

              Defendants.

Case No. 2:26-cv-10073

District Judge Linda V. Parker

Magistrate Judge Anthony P. Patti

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO FILE
<u>SECOND AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

BACKGROUND ...............................................................................................................1

LEGAL STANDARD.......................................................................................................2

ARGUMENT ...................................................................................................................2

    I.     PLAINTIFF SHOULD BE GRANTED LEAVE TO FILE THE PROPOSED SECOND AMENDED COMPLAINT..........................2

    II.    THE PROPOSED AMENDMENT WILL NOT PREJUDICE DEFENDANTS..................................................................................4

CONCLUSION ................................................................................................................4

ii

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Foman v. Davis*,
371 U.S. 178 (1962).................................................................................2

*Janikowski v. Bendix Corp.*,
823 F.2d 945 (6th Cir. 1987) ...............................................................2

*Phelps v. McClellan*,
30 F.3d 658 (6th Cir. 1994) ...............................................................4

*Ziegler v. IBP Hog Mkt., Inc.*,
249 F.3d 509 (6th Cir. 2001) ...............................................................2

### Other Authorities

Federal Rule of Civil Procedure 15 ..............................................1, 2 3, 4

## STATEMENT OF ISSUES PRESENTED

1.      Whether Plaintiff should be granted leave to amend her complaint where leave to amend "shall be freely given as justice so requires" under Rule 15(a)(2)?

**Answer:  Yes.**

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1. Fed. R. Civ. P. 15(a)(2)

2. *Foman v. Davis*, 371 U.S. 178 (1962)

3. *Janikowski v. Bendix Corp.*, 823 F.2d 945 (6th Cir. 1987)

4. *Phelps v. McClellan*, 30 F.3d 658 (6th Cir. 1994)

## BACKGROUND

Plaintiff Katherine Sweeney ("Plaintiff") submits this brief in support of her Motion for Leave to File Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).  The proposed Second Amended Complaint adds Marc Summers ("Summers") as a defendant and asserts two alternative claims: promissory estoppel and breach of the warranty of authority.

This amendment responds to Defendant Association of Independent Mortgage Experts's ("AIME") Answer and Affirmative Defenses to First Amended Complaint and Counterclaims Against Plaintiff (the "Answer and Counterclaim").  *See* ECF No. 46.  Plaintiff's First Amended Complaint alleges that AIME breached the parties' Transition Agreement and Mutual Release (the "Transition Agreement") by failing to pay amounts that AIME expressly agreed were due and owing.  In its Answer and Counterclaim, AIME asserts that the Transition Agreement is void ab initio, voidable, and otherwise unenforceable, and seeks a declaration of the same and that the Transition Agreement is rescinded.

AIME now contends that the Transition Agreement is unenforceable and that AIME's President Marc Summers ("Summers"), who executed the Transition Agreement on AIME's behalf, lacked authority to bind AIME.  In light of those assertions, Plaintiff seeks leave to plead alternative claims that would apply in the event AIME prevails on its enforceability defense. Plaintiff also seeks to add

Summers as a defendant because AIME's Counterclaim places his authority to execute the Transition Agreement squarely at issue.

The proposed Second Amended Complaint does not alter the factual basis of this action. The additional claims arise from the same operative facts already alleged —the execution, partial performance, and alleged breach of the Transition Agreement. The amendment is also timely and falls within the pleading amendment deadline set by the Court's Scheduling Order.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading with leave of court and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely granted absent undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, or futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Sixth Circuit applies this standard liberally, favoring resolution of disputes on the merits. *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987); *see also Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 519 (6th Cir. 2001).

## ARGUMENT

**I.     PLAINTIFF SHOULD BE GRANTED LEAVE TO FILE THE PROPOSED SECOND AMENDED COMPLAINT.**

Plaintiff seeks leave to add alternative claims that respond directly to defenses and counterclaims AIME raised in its Answer and Counterclaim. None of the factors

2

warranting denial of leave under Rule 15 is present here.

The proposed claims do not rest on new factual allegations. They arise from the same course of conduct already at issue: the execution of the Transition Agreement, Plaintiff's resignation from AIME, AIME's partial performance, and AIME's subsequent refusal to honor its remaining obligations under the Transition Agreement.

The addition of Summers as a defendant likewise arises from positions AIME has taken. AIME contends that the Transition Agreement is void and unenforceable because Summers allegedly lacked authority to bind AIME. Having placed Summers's authority and conduct at issue, AIME cannot claim surprise or prejudice from Plaintiff's assertion of an alternative claim against him. Whether or not Summers is named as a defendant, his authority and conduct are central to the resolution of this case, and his addition will not significantly expand the scope of discovery.

To be clear, Plaintiff maintains that the Transition Agreement is valid, enforceable, and binding. But AIME has affirmatively placed the Agreement's validity at issue. The proposed alternative theories of recovery would apply only if AIME prevails on its contention that the Agreement cannot be enforced.

3

## II. THE PROPOSED AMENDMENT WILL NOT PREJUDICE DEFENDANTS.

In determining whether prejudice exists, courts consider whether amendment would require substantial additional discovery, significantly delay resolution of the case, or otherwise impair the opposing party's ability to defend the action. *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). None of those concerns is present here.

First, the proposed claims arise from facts already at issue. Discovery concerning the negotiation, execution, performance, and alleged breach of the Transition Agreement will proceed regardless of whether the amendment is permitted. The additional claims do not substantially expand the scope of discovery or materially alter the factual issues to be litigated.

Second, Plaintiff seeks leave within the deadline established by the Court's Scheduling Order. Discovery remains ongoing, and no party can claim surprise regarding facts that have been central to this litigation from its commencement. Because the amendment rests on the same underlying facts, will not substantially expand discovery, and is timely, Defendants cannot demonstrate prejudice sufficient to warrant denial of leave under Rule 15.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File Second Amended Complaint and permit filing

4

of the proposed Second Amended Complaint attached as **Exhibit 1**.

DATED: June 26, 2026                    Respectfully Submitted,

Joseph P. Rockers                        */s/ Jeffrey M. Thomson*
Andrew F. DiMaiti                        Jeffrey B. Morganroth (P41670)
GOODWIN PROCTER LLP                      Jeffrey M. Thomson (P72202)
100 Northern Avenue                      MORGANROTH & MORGANROTH, PLLC
Boston, Massachusetts  02210             344 North Old Woodward Avenue
Tel:  (617) 570-1000                     Suite 200
*jrockers@goodwinlaw.com*                Birmingham, Michigan  48009
*ddimaiti@goodwinlaw.com*                Tel:  (248) 864-4000
                                         *jmorganroth@morganrothlaw.com*
                                         *JThomson@morganrothlaw.com*

                                         *Counsel for Plaintiff*

5