## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KATHERINE SWEENEY,

    Plaintiff,

v.

ASSOCIATION OF
INDEPENDENT MORTGAGE
EXPERTS, UNITED WHOLESALE
MORTGAGE, LLC, and SARAH
DECIANTIS,

    Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§

Case No. 2:26-cv-10073-LVP-APP
Hon. Linda M. Parker
Mag. Judge Anthony P. Patti

**DEFENDANT ASSOCIATION OF INDEPENDENT MORTGAGE
EXPERTS' RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Defendant Association of Independent Mortgage Experts ("AIME")

opposes Plaintiff Katherine Sweeney's Motion for Leave to File Second

Amended Complaint (the "Motion"; ECF No. 25). For the reasons articulated

in AIME's memorandum of law, below, AIME respectfully requests that the

Court deny the Motion in its entirety.

*[Remainder of this page purposefully left blank.]*

1

Respectfully submitted,

**MADIGAN, DAHL & HARLAN, P.A.**

Dated: July 10, 2026

*/s/ Christopher W. Bowman*
Thomas P. Harlan (MN #210870)
Christopher W. Bowman (#0389933)
33 South Sixth Street, Suite 3675
Minneapolis, MN 55402
Phone: 612-604-2000
harlan@mdh-law.com
bowman@mdh-law.com

*-and-*

Emily M. Mayer (P78956)
**TAFT STETTINIUS & HOLLISTER LLP**
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Phone: 248-351-3000
emayer@taftlaw.com

*Attorneys for Defendant Association of Independent Mortgage Experts*

2

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE SWEENEY,                        §
                                          §
          Plaintiff,                      §
                                          §
v.                                        §     Case No. 2:26-cv-10073-LVP-APP
                                          §          Hon. Linda M. Parker
ASSOCIATION OF                            §     Mag. Judge Anthony P. Patti
INDEPENDENT MORTGAGE                      §
EXPERTS, UNITED WHOLESALE                 §
MORTGAGE, LLC, and SARAH                  §
DECIANTIS,                                §
                                          §
          Defendants.

**DEFENDANT ASSOCIATION OF INDEPENDENT MORTGAGE
EXPERTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1

## STATEMENT OF ISSUES PRESENTED

1.  Should the Court deny Plaintiff leave to file a Second Amended Complaint where Plaintiff has known the factual basis for her proposed new claims for nearly 15 months, offers no explanation for her delay, and the amendment would prejudice Defendants and require further amendment of the Scheduling Order?

AIME answers: "Yes."

2. Should the Court deny Plaintiff leave to amend as futile where the proposed promissory-estoppel and breach-of-implied-warranty-of-authority claims fail to state a claim on which relief can be granted?

AIME answers: "Yes."

3

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Civ. P. 15(a)(2)

*Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619 (6th Cir. 2018)

*Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000)

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

Pursuant to Eastern District of Michigan LR 7.1(c) and (d), Defendant Association of Independent Mortgage Experts ("AIME") submits the following memorandum of law in opposition to Plaintiff Katherine Sweeney's ("Plaintiff") Motion for Leave to File Second Amended Complaint (the "Motion"; ECF No. 25). For the reasons and arguments stated herein, AIME respectfully asks the Court to deny the Motion in its entirety.

## LEGAL STANDARD

As a general rule, leave to amend a pleading should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But "the right to amend is not absolute or automatic." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008). A "party requesting leave to amend must act with due diligence if [the party] wants to take advantage of the Rule's liberality." *Gregg v. SBC/Ameritech*, 321 F.App'x 442, 448 (6th Cir. 2009) (quoting *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

Delay by the moving party in seeking an amendment that causes prejudice to the opposing party is a recognized justification for denying leave to file an amended pleading. *See Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 640 (6th Cir. 2018). And "[t]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing

of prejudice." *Id.* at 641 (quoting *Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994)).

The decision of whether justice requires an amendment to the pleadings is committed to the sound discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 802 (1971).

## ARGUMENT & AUTHORITY

Plaintiff asserts that the proposed amendment "responds to [AIME's] Answer and Affirmative Defenses to First Amended Complaint and Counterclaims Against Plaintiff." (ECF No. 25, PageID.112). In suggesting that the proposed Second Amended Complaint is presented in response to arguments or positions raised in AIME's response to the First Amended Complaint, however, Plaintiff fails to present the true procedural development of this litigation. When this litigation is viewed with an eye toward the full procedural history, it becomes clear that Plaintiff's motion is untimely and would result in prejudice to AIME (and other defendants, named or proposed). Moreover, the proposed second amendment should be denied as it is futile.

**I.      Plaintiff has waited far too long to seek leave to assert the claims alleged in her proposed Second Amended Complaint, and permitting her to do so now results in prejudice to defendants and a waste of judicial resources.**

Plaintiff commenced this action in Tarrant County (Texas) District Court on or about February 28, 2025, by delivering a copy of the Citation and

5

Original Petition to the Texas Secretary of State. (*See* N.D.Tex. ECF No. 1-8, PageID 21-23).[1] On April 10, 2025, AIME removed the action to the United States District Court for the Northern District of Texas. (N.D.Tex. ECF No. 1, PageID 1-3). On April 17, 2025, AIME filed its answer and counterclaims, asserting (among other items) that: (1) while the Transition Agreement and Mutual Release (the "Transition Agreement") was signed by Marc Summers at Plaintiff's insistence and refers to Summers as AIME's "authorized representative," the Transition Agreement "was never presented to nor approved by a vote of AIME's Board of Directors"; (2) because AIME's Board of Directors never approved the Transition Agreement, AIME was "entitled to a declaration under the Uniform Declaratory Judgments Act . . . that the Transition Agreement (specifically but not limited to the payment provisions in Paragraphs 2 and 3 and the purported release in Paragraph 5) is void *ab initio* and *ultra vires*" and should be rescinded. (*See* N.D.Tex. ECF No. 6, PageID 53-54). While AIME subsequently filed an Amended Answer and Counterclaims on September 10, 2025, the allegations as relevant to the Motion remained unchanged; to wit, that the Transition Agreement is

---

[1] Filings while this matter was pending in the Northern District of Texas are designated as "N.D.Tex. ECF No. ___." Filings after the litigation was transferred to this Court are designated as "ECF No. ___." Filings in both Courts include a PageID reference as appropriate.

unenforceable since it was never a corporate undertaking, but rather was one of Sweeney's continued abuse of her position within AIME. (*Compare* N.D.Tex. ECF No. 6, PageID 53-54 *with* N.D.Tex. ECF No. 28, PageID 173-174 & 177-179).

These allegations, first made nearly 15 months ago, should not surprise the Court, as they are precisely the same allegations on which Plaintiff bases her theory to now amend her complaint for a second time. (*See* ECF No. 25; PageID.113-114). Plaintiff does not provide any explanation, then, for her failure to assert these alternative claims and add an additional party[2] over the last 15 months and instead to wait – yet again[3] – until the deadline for

---

[2] AIME notes that not only is Plaintiff seeking to assert an additional claim against AIME, but is also seeking to assert a claim against Marc Summers, who is not currently a party to this action. (*See* ECF No. 25-1; PageID.132). While the Court's Scheduling Order provides a June 26, 2026, deadline for the parties to amend pleadings, it makes no reference to a deadline for joinder of additional parties. (ECF No. 24; PageID.102; *compare with* N.D.Tex. ECF No. 27, PageID 150 (setting October 28, 2025 deadline for motions for leave to join parties or amend pleadings)).

[3] A review of the record demonstrates that this is not the first time that Plaintiff has waited until the 11th hour to take action. On September 10, 2025, AIME filed its Amended Answer, Affirmative Defenses, and Counterclaims (N.D.Tex. ECF No. 28). Under the Rules of Civil Procedure, Plaintiff was required to respond to the pleading no later than September 24, 2025. *See* Fed. R. Civ. P. 15(a)(3) (governing responses to amended pleadings). She failed to do so, requiring an after-the-fact motion to extend the deadline to October 1, 2025, to which AIME consented.  (N.D.Tex. ECF No. 32). While Plaintiff's motion to file her first amended complaint was filed by the deadline set in the then-controlling scheduling order, she did not ever raise the

amending the pleadings to come in and seek leave to amend her complaint for a second time. Indeed, even if one were to assume that the allegations that purportedly give rise to the second amendment were first raised in AIME's response to the first amended complaint – a belief directly contradicted by the record in this case (*see* N.D.Tex.ECF. No. 46, PageID 316 n.2 ("[T]he Counterclaims asserted by AIME in this pleading are substantively identical to those asserted in its September 10, 2025[,] Amended Answer, Affirmative Defenses, and Counterclaims." (quotation marks omitted))) – *that* pleading was filed on December 23, 2025. And yet Plaintiff never suggested a second amended complaint for five months, until the May 2026 status conference, and then went another five weeks before moving for leave.

AIME recognizes that the Sixth Circuit has held that delay in seeking leave to amend a complaint – without more – is not in and of itself a sufficient reason to deny the proposed amendment. *Tefft v. Seward*, 689 F.2d 637, 639

---

possibility of an amended complaint with AIME until the day before that deadline. *See* N.D.Tex. ECF No. 34, PageID 225. During the preparation of the Parties' Joint Discovery and Rule 26(f) Plan in this Court, while the Parties did discuss anticipated motions, Plaintiff made no indication that she intended to bring the instant Motion. And while Plaintiff did raise the spectre of a second amended complaint during the pretrial conference, Plaintiff then waited until June 23, 2026, to ever attempt to discuss the possibility of an additional amendment with AIME (or, to the best of AIME's knowledge, with UWM or Ms. DeCiantis). Sweeney then filed the Motion on the deadline for amending the complaint.

n.2 (6th Cir. 1982).[4] But that is not the case here, as prejudice is apparent. Permitting Plaintiff to yet again amend her operative pleading to add two additional, alternative claims and a new party serves no valid purpose other than to further delay resolution of this litigation and drive up costs and fees for Defendants (and consume valuable resources of the Court). Initial disclosures have been prepared and circulated – multiple times in some instances. The parties have exchanged written discovery with thousands of pages having been produced (and thousands more being held in abeyance pending agreement of the Parties to a stipulated protective order). AIME has retained an expert and a report has been provided to Plaintiff. (N.D.Tex. ECF No. 29, PageID 191).[5]

---

[4] AIME further notes that in *Tefft*, it was "obvious that the facts as set forth in [the] original complaint would support [the new] cause of action . . . as well as [the original cause of action]." 689 F.2d at 639. Given that the new claims in Plaintiff's proposed Second Amended Complaint are pled in the alternative, it is axiomatic that the facts as set forth in her First Amended Complaint do *not* support the proposed new claims. This case is more similar to *Super Sulky, Inc. v. U.S. Trotting Ass'n*, where a plaintiff moved to amend a complaint to assert an additional theory that was absent from the original complaint but had been raised in response to a dispositive motion. 174 F.3d 733 (6th Cir. 1999). In that case, the district court denied the leave to amend, and that decision was affirmed. *Id.* at 740-41.

[5] Indeed, AIME's expert report, provided to Plaintiff on or about September 23, 2025, goes into extensive detail discussing the allegations of *ultra vires* and the breach of fiduciary duties that Plaintiff now claims that she needs to respond to in seeking leave for a second amended complaint. Other than her own (now former) counsel's "report" on attorney's fees, Plaintiff did not

Plaintiff's representation to the court in the Motion that "AIME *now* contends that the Transition Agreement is unenforceable" (ECF No. 25, PageID.112 (emphasis added)) is therefore inartful drafting at best. This is not some newfound position that AIME has recently taken, it is the consistent theory that AIME has held to since its very first pleading in this matter nearly 15 months ago. Plaintiff could have amended her complaint in light of this "contention" back in the Spring of 2025. *See* Fed. R. Civ. P. 15(a)(1)(B) (providing that a party may amend its pleading "once as a matter of course no later than . . . 21 days after service of a responsive pleading"). She failed to do so. Plaintiff could have sought to add these additional, alternative claims six months later when she sought (and was granted) leave to file her *first* amended complaint. She failed to do so. Plaintiff should not now be permitted a third (at least) bite at the apple to properly plead her claims.

Moreover, granting the Motion will require the Court to issue further amendment to the existing Scheduling Order. Under the currently controlling Scheduling Order, Lay and Expert Witness Lists must be filed by July 31, 2026. (ECF No. 24, PageID.102). As a result of Plaintiff's unexplained delay, the Motion may not be fully briefed until Friday, July 17. *See* E.D.Michigan

---

identify any experts by the deadline or submit any rebuttal expert designation addressing the enforceability or lack thereof of the Transition Agreement.

Local Rule 7.1(e)(1)(B) (permitting reply briefs to be filed seven days after service of responses, but at least three days before a hearing on the motion). In the unlikely event that the Court were to grant the motion that very day *and* that Plaintiff filed her proposed Second Amended Complaint that same day *and* effected service on Mr. Summers that same day, an answer would not be due until Friday, August 7, 2026. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).[6] Mr. Summers' initial disclosures would not be due until Monday, August 17, 2026. *See* Fed. R. Civ. P. 26(a)(1)(D). At a minimum, then, the Parties would need to prepare Lay and Expert Witness Lists prior to a new Party having even responded to the allegations, and Mr. Summers (were he to be added to the litigation at this late date) would have only five months (at most) to serve discovery requests. When viewed alongside the 15 months for which Plaintiff was aware of AIME's position that the Transition Agreement was unenforceable, the prejudice is clear and is proper grounds for denying the Motion.

## II.     The Motion should be denied as the proposed Second Amended Complaint is futile.

Moreover, the proposed amendment is futile, providing an independent basis for denial of the Motion. *See Rose v. Hartford Underwriters Ins. Co.*,

---

[6] This deadline would be further extended in the event that Mr. Summers were to waive service under Rule 4(d). *See* Fed. R. Civ. P. 12(a)(1)(A)(ii).

11

203 F.3d 417, 420 (6th Cir. 2000) (recognizing that a proposed amendment to a complaint may be properly denied as futile if it "could not withstand a Rule 12(b)(6) motion to dismiss"); *accord Williams v. City of Cleveland*, 771 F.3d 945, 949 (6th Cir. 2014). To survive a motion to dismiss, and therefore avoid being denied on futility grounds, a proposed amended complaint must plead facts that, if true, state a claim that is facially plausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Flanory v. Bonn*, 604 F.3d 249, 252-53 (6th Cir. 2010). Plaintiff's proposed Second Amended Complaint fails this standard.

In the proposed Second Amended Complaint, Plaintiff asserts a new promissory-estoppel claim against AIME. (ECF No. 25-1, PageID.130-132.) In order to succeed on a claim for promissory estoppel, Plaintiff must establish (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee; (3) which in fact did produce reliance or forbearance of that nature; and (4) in circumstances such that the promise must be enforced if injustice is to be avoided. *See Leila Hosp. & Health Ctr. v. Xonics Med. Sys.*, 948 F.2d 271, 275 (6th Cir. 1991) (quoting *McMath v. Ford Motor Co.* 77 Mich. App. 721, 259 N.W.2d 140,142 (1977) (per curiam)). "The doctrine of promissory estoppel is cautiously applied." *Marrero v. McDonnell Douglas Capital*

12

*Corp.*, 505 N.W.2d 275, 278 (1993) (per curiam).

In the proposed second amended complaint, Plaintiff asserts that AIME – through unspecified "agents," "officers" and "directors" – made various promises that she would receive a 2023 bonus and a Severance Payment and other "related benefits." *See* ECF No. 25-1, PageID.131. As plead in the putative complaint, "AIME knew, or reasonably should have known, that Sweeney would rely on those promises by resigning from employment at AIME as CEO and agreeing to the other obligations contemplated by the Transition Agreement," and that she did in fact rely on the promises "including by resigning from her role." *Id.*

But under the allegations in Plaintiff's proposed second amended complaint, Sweeney notified DeCiantis and Summers that she was resigning from AIME in September 2023, well before the Transition Agreement was ever prepared or contemplated. Plaintiff did not, therefore, resign from her position at AIME in reliance on any promises of payment, but rather because she had "concerns with [allegedly] unethical and possibly illegal activity within AIME." (ECF No. 25-1, PageID.125). And while she alleges that Summers and Haddad *later* made statements that AIME would honor the agreement (ECF No. 25-1, PageID.127), she makes no allegation that she took any action as a result of these representations. Indeed, she had already

13

resigned before they were made. The promissory-estoppel claim is therefore futile and Plaintiff should be denied leave to assert the claim in her Second Amended Complaint.

Plaintiff's claim for breach of implied warranty of authority against Marc Summers (ECF No. 25-1, PageID.132) fares no better. The tort of breach of implied warranty exists under Michigan common law. *See Kaminskas v. Litnianski*, 214 N.W.2d 331, 334 (Mich. App. 1973). "[W]here an agent undertakes to contract on behalf of another, and contracts in a manner which is not binding on his principal, he will be personally responsible, as he is presumed to know the exact extent of his authority. *Id.* (quoting *Newberry v. Slagter*, 57 N.W. 574, 575 (Mich. 1894)). But the party *claiming* a breach of the implied warranty "must have been ignorant of the lack of authority and acted upon the faith of the express or implied representations that the professed agent had the authority assumed." *Kaminskas*, 214 N.W.2d at 334 (quotation omitted).

Plaintiff fails to make *any* allegation, however, in her proposed Second Amended Complaint that she was "ignorant of [Summers'] lack of authority." (*See, generally,* ECF No. 25-1). This failure to plead an essential element of the breach-of-implied-warranty-claim is fatal and renders the amendment futile.

14

Because the proposed Second Amended Complaint fails to state any claims on which relief could be granted, the Second Amended Complaint is futile and leave to again amend the complaint should be denied.

## CONCLUSION

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be liberally granted in the interest of justice. But the liberal amendment standard employed by Rule 15 does not – and cannot be allowed to – run roughshod over the overarching purpose of the rules: securing the just, speedy, and inexpensive determination of every action and proceeding. Fed. R. Civ. P. 1. Here, Plaintiff has failed to act with due diligence by sitting on the alleged basis for her claims for more than a year. She has therefore forfeited Rule 15's leniency, and the Motion should be denied as it would subject the existing parties to this litigation to prejudice, increase the drain on the resources of the parties and of the Court, and is – at the end of the day – a futile amendment. AIME therefore respectfully asks that the Court deny the Motion in its entirety.

*[Remainder of this page purposefully left blank.]*

15

Respectfully submitted,

**MADIGAN, DAHL & HARLAN, P.A.**

Dated: July 10, 2026

*/s/ Christopher W. Bowman*
Thomas P. Harlan (MN #210870)
Christopher W. Bowman (#0389933)
33 South Sixth Street, Suite 3675
Minneapolis, MN 55402
Phone: 612-604-2000
harlan@mdh-law.com
bowman@mdh-law.com

*-and-*

Emily M. Mayer (P78956)
**TAFT STETTINIUS & HOLLISTER LLP**
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Phone: 248-351-3000
emayer@taftlaw.com

*Attorneys for Defendant Association of Independent Mortgage Experts*

16