## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KATHERINE SWEENEY,

      *Plaintiff*,

v.

ASSOCIATION OF INDEPENDENT
MORTGAGE EXPERTS, UNITED
WHOLESALE MORTGAGE, LLC, and
SARAH DECIANTIS,

      *Defendants*.

_____/

Case No. 2:26-cv-10073

Hon. Linda V. Parker

Magistrate Judge Anthony P. Patti

## JOINT LIST OF RESOLVED AND UNRESOLVED ISSUES RELATED TO DEFENDANTS' WRITTEN DISCOVERY REQUESTS TO PLAINTIFF

In accordance with the Court's July 21, 2026, minute entry, and as directed by the Court at the Status Conference held on July 21, 2026 ("Status Conference"), Plaintiff, Katherine Sweeney, ("Sweeney") and Defendants, United Wholesale Mortgage, LLC ("UWM") and Sarah DeCiantis ("Ms. DeCiantis") (collectively, "Defendants"), jointly submit the following List of Resolved and Unresolved Issues Related to Defendants' Written Discovery Requests to Plaintiff.

Following the Status Conference, the parties met and conferred on July 23, 2026, in an attempt to resolve the issues raised by Defendants. Pursuant to the Court's direction at the Status Conference, the following identifies the issues that are resolved and unresolved.

## 1. Resolved Discovery Issues

The parties resolved Defendants' issues regarding Interrogatory Nos. 2, 3, 8, 10, and 17 as follows.

### a. General Objections

Plaintiff hereby withdraws the General Objections asserted in her responses to Defendants' Requests for Admission, Requests for Production of Documents, and Interrogatories.

### b. Interrogatory Nos. 2 and 3

Within twenty-one (21) days following her August 7, 2026, document production, Plaintiff will serve supplemental answers to Interrogatory Nos. 2 and 3 that identify additional responsive documents, if any, and omit the qualification that the identified documents are a subset of other responsive documents. Defendants acknowledge that Plaintiff has a right pursuant to Fed. R. Civ. P 26(e)(1)(A) to supplement her answers further should additional responsive information become known to her.

### c. Interrogatory Nos. 8, 10, and 17

Within twenty-one (21) days following her August 7, 2026, document production, Plaintiff will serve supplemental answers to Interrogatory Nos. 8, 10 and 17 that omit the present qualification that the answers should not be construed as a representation that Plaintiff has identified all responsive information. Defendants acknowledge that Plaintiff has a right pursuant to Fed. R. Civ. P 26(e)(1)(A) to

supplement her answers further should additional responsive information become known to her.

### d. Interrogatory Nos. 11 and 12

Defendants withdrew their dispute related to Interrogatory Nos. 11 and 12.

### 2. Unresolved Discovery Issues

The following issues remain unresolved between the parties.

### a. *Requests for Admission 5, 6, 7 and 8*

**Defendants' Position**: Defendants' Requests for Admission Nos. 5 through 8 ask Plaintiff to admit or deny whether, prior to filing her First Amended Complaint, she saw any document reflecting a decision by AIME not to remit severance payments to Plaintiff or a bonus to upon direction by Ms. DeCiantis or UWM, respectively. Plaintiff denies each request. However, each denial is qualified by improper objections that the request is vague and ambiguous and calls for a legal conclusion. Neither are proper. Plaintiff additionally provides a narrative, couched as an objection, that is not an objection at all, but rather a theory of her case. Plaintiff further objects that each Request is "unreasonably cumulative" of prior Requests and declines to answer them separately. However, each Request targets a different combination of the specific payment at issue (2023 Bonus versus Severance Payments) and the alleged directing party (Ms. DeCiantis versus UWM). It is certainly Plaintiff's prerogative to deny any of these requests, but Plaintiff blurs and

qualifies her denial of each request by making it "subject to" these improper objections.

**Plaintiff's Position**: Defendants' challenge to Plaintiff's responses to Requests for Admission Nos. 5 through 8 do not present a genuine discovery dispute warranting the Court's intervention. Plaintiff's responses comply with Rule 36. Defendants cite no authority holding that a party may not assert appropriate objections to Requests for Admission or provide explanatory context accompanying a denial.  Nor did Plaintiff rely on any of her objections in lieu of answering each Request for Admission. Each of Requests for Admission Nos. 5 through 8 was answered.

Further, Defendants' criticism of Plaintiff's cumulative objection puts form over substance. Requests for Admission Nos. 5 through 8 all seek admissions concerning the same fundamental issue—whether Plaintiff possessed pre-suit evidence that Defendants directed AIME not to make payments owed under the Transition Agreement—with only variations as to the payment at issue and the alleged actor. Regardless, Plaintiff responded to every Request.

Rather than identifying any admission they failed to obtain, any uncertainty regarding Plaintiff's position, or any prejudice resulting from Plaintiff's responses, Defendants seek to manufacture a discovery dispute over the wording of responses that fully answered each Request for Admission.

### b.    *Interrogatory No. 1*

**Defendants' Position**: Interrogatory No. 1 asks Plaintiff to explain the factual basis for her denial of Defendants' Requests for Admission Nos. 1 through 8, including identification of any documents on which she relied. Plaintiff objected as to over breadth, burdensome, and numerosity, and for her answer, "refers Defendants to her Responses to Requests to Admit Nos. 1 through 8."

As to numerosity, Defendants served Plaintiff with seventeen (17) interrogatories. Interrogatory No. 1, even if construed to be eight (8) sub-parts, brings the total to twenty-five (25), which is the precise limit allowed under Rule 33(a)(1). There is no numerical violation.

Plaintiff's reference to her answers to the Requests to Admit is not responsive, as the *answers* to each of those requests contain no substantive content beyond the word "Denied." To the extent Plaintiff is directing Defendants to her narrative objections, the reference is improper; a party may not properly answer an interrogatory by referring to an objection.

**Plaintiff's Position**: Defendants' positions on Requests for Admission Nos. 5 through 8, and Interrogatory No. 1, are inconsistent, and demonstrate again that Defendants' real purpose here is to manufacture an unnecessary dispute with Plaintiff.

In challenging RFAs 5 through 8, Defendants contend Plaintiff's objections and "narrative" are improper and that the responses should consist only of

unqualified denials. Yet, in challenging Interrogatory No. 1, Defendants contend Plaintiff's incorporation of those same RFA responses is deficient because, according to Defendants, the responses contain "no substantive content beyond the word 'Denied.'" Defendants cannot credibly argue that Plaintiff has provided too much explanation in the RFA responses and too little explanation in the interrogatory that incorporates those responses.

Plaintiff's objection was directed to the breadth of Interrogatory No. 1, which incorporates eight separate Requests for Admission and seeks the factual basis and supporting documents for each. Whether Interrogatory No. 1 is properly counted as a single interrogatory or as multiple subparts is ultimately beside the point because Plaintiff did not refuse to answer it, nor any other interrogatory, on any grounds. Rather, Plaintiff served a substantive response to Interrogatory No. 1 notwithstanding that objection.

Plaintiff answered all seventeen interrogatories that Defendants served. Defendants do not contend that Plaintiff refused to answer any interrogatory based on a numerosity objection, nor do they identify any prejudice resulting from the objection. Instead, Defendants seek judicial intervention over an objection that had no practical effect on the discovery they received.

c.     *Improper Objections to Requests for Production Nos. 37 and 38*

**Defendants' Position**: Requests for Production Nos. 37 and 38 seek, respectively, all documents provided to and considered by any testifying experts in forming their opinions, and all documents identifying assumptions provided by Plaintiff's counsel and relied upon by Plaintiff's experts in forming their opinions. As to Request No. 37, Plaintiff objected on the grounds that the Request seeks privileged and/or work-product protected materials and that expert discovery is "governed by a separate disclosure regime." As to Request No. 38, Plaintiff objected that the Request is unreasonably cumulative and duplicative of Request No. 37, seeks privileged and/or work-product protected materials, and is overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff made no offer to produce any documents in response to either Request.

These objections fail. The privilege and work-product objections are foreclosed by Rule 26(b)(4)(C)(ii)-(iii), which expressly excludes from protection communications identifying facts or data the attorney provided that the expert considered, and assumptions the attorney provided that the expert relied upon, in forming opinions. Plaintiff's blanket invocation of privilege—without distinguishing protected from non-protected materials—does not justify a wholesale refusal to produce. The "separate disclosure regime" objection to Request No. 37 likewise fails because Rule 26(a)(2)'s mandatory disclosure requirements operate

independently of, and do not foreclose, additional discovery under Rule 34. Finally, Request No. 38 is not duplicative of Request No. 37—the two Requests target distinct, Rule-26(b)(4)(C)-discoverable categories of materials—and Plaintiff's overbreadth objection is unavailing because the "assumptions" category it targets is precisely what Rule 26(b)(4)(C)(iii) renders discoverable.

**Plaintiff's Position**: Defendants' challenge to Requests for Production Nos. 37 and 38 does not present a ripe discovery dispute. Defendants' position omits a key fact that has been repeatedly explained to them throughout the meet-and-confer process: Plaintiff has not yet designated or retained any expert witnesses in this action. Plaintiff has repeatedly confirmed that she will comply with the Federal Rules and produce any discoverable expert materials if and when expert disclosures become due under the Court's Scheduling Order. The operative Scheduling Order sets expert disclosures for February 17, 2027. Accordingly, Defendants are effectively asking the Court to compel production of expert materials before expert disclosures are due and before Plaintiff has designated any expert witnesses. That is not a genuine discovery dispute.

Plaintiff did not refuse to produce discoverable expert materials. Rather, Plaintiff objected only to the extent the Requests sought materials protected by the attorney-client privilege, the work-product doctrine, or other applicable protections, and only to the extent the Requests sought information beyond what Rule 26 requires. Plaintiff did not assert a blanket objection or categorically refuse to produce

documents. Once again, Defendants identify no document Plaintiff is withholding, no discoverable information that should presently be produced, and no prejudice resulting from Plaintiff's responses. Instead, Defendants seek judicial intervention over a hypothetical disagreement concerning expert discovery that may never materialize.

With that said, to further avoid burdening the Court here, Plaintiff proposes amending her responses as follows:

**Request For Production No. 37**:  All Documents that have been provided to and considered by any testifying experts in forming any opinions You may offer in support of Your claims.

**RESPONSE**:

In addition to and without waiving the foregoing General Objections and Objections to Instructions and Definitions, Plaintiff specifically objects to Request No. 37 on the grounds that (1) it calls for documents that may be subject to the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, **except to the extent disclosure is required by the Federal Rules of Civil Procedure;** ~~including to the extent it seeks communications between counsel and any testifying expert beyond what is required to be disclosed under the Federal Rules of Civil Procedure,~~ and (2) it anticipates expert discovery that is governed by a separate disclosure regime under the Federal Rules and any applicable scheduling order. **Plaintiff has not yet designated any testifying experts in this action. Plaintiff will produce responsive, non-privileged documents, if any, in accordance with the Federal Rules of Civil Procedure and the Scheduling Order.**

**Request For Production No. 38**:   All documents that identify assumptions that Plaintiff's attorneys provided and Plaintiff's experts relied on in forming their opinions.

**RESPONSE**:

In addition to and without waiving the foregoing General Objections and Objections to Instructions and Definitions, Plaintiff specifically objects to Request No. 38 on the grounds that (1) it is unreasonably cumulative and duplicative of Request No. 37; (2) it calls for documents protected from discovery by the attorney-client privilege, the work-product doctrine, or other applicable privileges or protections, **except to the extent disclosure is required by the Federal Rules of Civil Procedure.** including to the extent it seeks communications between counsel and any testifying expert beyond what is required to be disclosed under the Federal Rules of Civil Procedure; and (3) it is overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it purports to require Plaintiff to produce all documents reflecting "assumptions" provided by counsel to an expert, which sweeps well beyond the disclosure obligations imposed by Rule 26. **Plaintiff has not yet designated any testifying experts in this action. Plaintiff will produce responsive, non-privileged documents, if any, in accordance with the Federal Rules of Civil Procedure and the Scheduling Order.**

DATED: July 28, 2026                    Respectfully Submitted,

/s/ Jeffrey M. Thomson
Jeffrey B. Morganroth (P41670)
Jeffrey M. Thomson (P72202)
MORGANROTH & MORGANROTH, PLLC
344 North Old Woodward Avenue
Suite 200
Birmingham, Michigan  48009
Tel:  (248) 864-4000
jmorganroth@morganrothlaw.com
JThomson@morganrothlaw.com

Joseph P. Rockers
Andrew F. DiMaiti
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, Massachusetts  02210
Tel:  (617) 570-1000
jrockers@goodwinlaw.com
ddimaiti@goodwinlaw.com

*Counsel for Plaintiff*

/s/ Jessica L. Rolls
MATTHEW J. LUND (P48632)
TROUTMAN PEPPER LOCKE LLP
500 Woodward Avenue, Suite 2800
Detroit, Michigan 48226
(248) 359-7300
Matthew.lund@troutman.com

JESSICA L. ROLLS
TROUTMAN PEPPER LOCKE LLP
2200 Ross Avenue, Suite 2800
Dallas, TX  75201
214.740.8000
Jessica.rolls@troutman.com

*Counsel for Defendants United Wholesale*
*Mortgage, LLC and Sarah DeCiantis*