**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KATHERINE SWEENEY,** | | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Case No. 2:26-cv-10073** |
| **ASSOCIATION OF INDEPENDENT MORTGAGE EXPERTS, UNITED WHOLESALE MORTGAGE, LLC, and SARAH DECIANTIS,** | § | **Hon. Linda V. Parker** |
| | § | **Magistrate Judge Anthony P. Patti** |
| | § | |
| **Defendants.** | § | |

**STIPULATED PROTECTIVE ORDER**

The Parties above named, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26(c) and Eastern District of Michigan Local Rule 26.4, jointly stipulate to the entry of a Protective Order containing the following provisions and form:

This Protective Order shall govern all information, answers, documents, testimony and other discovery materials produced by the parties of the above-captioned matter.

**1. Definitions.** As used in this protective order:

(a) "Action" means the above-styled and captioned matter.

(b) "Attorney" means an attorney who has appeared in this Action;

(c) "Confidential Information" means a document or other information designated as Confidential—with or without an "Attorney's Eyes Only" designation – under this Protective Order and which the designating party or non-party believes in good faith contains material constituting trade secrets, or other confidential or proprietary research, development, technical, financial, commercial or business information, or information protected from disclosure by laws or regulations, which is unavailable to the public, not readily available from other sources and which is treated by the designating party as confidential and not disclosed to others;

(d) to "Destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

(e) "Document" means information disclosed or produced in discovery, including at a deposition;

(f) "Notice" or "Notify" means written notice;

(g) "Party" means a party to this Action; and

(h) "Protected Document" means a document protected by a privilege or the work-product doctrine.

**2. Designating a Document or Deposition as Confidential.**

(a) A Party or non-party disclosing or producing a Document may designate it as confidential if the Party or non-party contends that it contains Confidential Information.

(b) A Party or non-party may designate a Document as confidential by conspicuously marking each page with the word "Confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by promptly notifying the parties and those who were present at the deposition in writing.

(d) If a witness is expected to testify as to Confidential Information, a Party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential Information.

**3. Who May Receive Confidential Information.**

(a) Subject to Section 3(b), Confidential Information may be used only in this Action and may not be used in any other action

without the prior written consent of the designating party, as applicable.

(b) No person receiving Confidential Information may reveal it, except to:

(1) the court presiding over this Action and its staff;

(2) the parties' Attorneys (including, for purposes of this Paragraph 3(b)(2), in-house counsel and staff for the entity defendants in this Action) or an Attorney's partner, associate, or staff;

(3) the parties;

(4) a person shown on the face of a document containing the Confidential Information to have authored or received the document with the Confidential Information;

(5) a court reporter or videographer retained in connection with this Action; and

(6) any person who:

(A) is (i) assisting a party or Attorney with this Action or (ii) a witness at deposition in this Action; and

(B) signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Katherine Sweeney v. Association of Independent Mortgage Experts, United Wholesale Mortgage, LLC, and Sarah DeCiantis* (Case No. 2:26-cv-10073) in the United States District Court, Eastern District of Michigan Southern Division. As soon as my work in connection with the action for which the subject Confidential Information was provided has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
>
> I declare under penalty of perjury that the foregoing is true and correct.

(c) If Confidential Information is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it and promptly provide notice of the disclosure to the producing party.

(d) A party may supplement the "Confidential" mark (*see* Paragraph 2(b), above) with the words "Attorneys' Eyes Only," in which

case a confidential document so designated may not be revealed to any receiving party. A producing party may supplement and designate material as "Attorneys' Eyes Only" only if the producing party reasonably and in good faith believes that (i) the material contains information that is exceptionally sensitive and not merely Confidential within the meaning of this Order; (ii) disclosure of the material to another party would create a substantial risk of clearly defined and serious competitive, commercial, financial, privacy, employment, or other injury to the producing party or a third party; and (iii) such risk could not be adequately avoided through designation of the material as "Confidential" alone.

(e) Persons described in Sections 3(b)(1), (2), (4), and (5) may receive documents designated "Attorneys' Eyes Only", subject to the protections afforded documents designated "Confidential".

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this Protective Order on the non-party.

**5. Correcting an Error in Designation or Inadvertent Disclosure.**

(a) **Notice.** A party or non-party who discloses or produces Confidential Information not designated as confidential may, within twenty-one (21) days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential and/or designate the information as confidential. If the party or non-party provides such notice of the error, the privilege or protection is not waived. The right to clawback inadvertently produced material is not waived by any failure to act within this period if the producing party acts promptly after actual discovery of the error.

(b) **Receipt of Inadvertently Disclosed Document**. A party who discovers that it may have received an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party or non-party.

(c) **Handling of Protected Document.** Should the party that inadvertently produced a protective document demand return of such document, the party that received the document must promptly return the material and not retain any copies, summaries, or other abstracts. The party that received the

inadvertently-produced protected materials may file a motion to challenge the claim of privilege or protection and to compel production of the document or materials; lacking that, the demanded documents and all copies shall be returned to the party that produced them.

**6. Use of Confidential Information in Court.**

(a) **Filing.** This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Michigan, or the local rules of the Court in which the action for which the Confidential Information that was provided is pending, and any applicable orders of the above-captioned Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a

party files a motion only, (v) a memorandum of legal authority supporting the seal. *See* Local Rule 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

(b) **Presentation at a hearing or trial.** A party intending to present another party's or a non-party's Confidential Information at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7. **Changing Confidential Information's Designation.**

(a) **Information or Document disclosed or produced by a party.** A document with Confidential Information disclosed or produced by a party retains its designation and protection under this stipulation unless and until the parties agree to change its designation or the Court orders otherwise.

(b) **Information or Document produced by a non-party.** A document with Confidential Information produced by a non-party retains its designation and protection under this stipulation unless and until the non-party agrees to change its designation or

the Court orders otherwise after providing an opportunity for the non-party to be heard.

(c) **Changing a designation by Court order.** Any party that wishes to challenge the designation of any document, thing, or testimony as confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

(d) The fact that information or a document has been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this stipulation has no effect and does not shift the burden of proof on establishing that the information or document is subject to a protective order under the Federal Rules of Civil Procedure. At all times this burden remains on the party (or non-party) claiming the designation.

**8. Handling a Confidential Document after Termination of the Action.**

(a) Within three hundred and sixty (360) days after the termination of this Action (including any appeals), each party must:

(1) return or destroy all confidential documents; and

(2) notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 360-day period.

(b) Notwithstanding paragraph 8(a), each Attorney may retain a copy of any confidential document submitted to the Court, deposition transcripts, expert reports, and all correspondence generated in connection with this Action. Any confidential document retained by counsel pursuant to this Section shall remain subject to the confidentiality obligations of this Protective Order in perpetuity and may not be used for any purpose other than defending or prosecuting any appeal of this action.

**9. Security Precautions and Data Breaches.**

(a) Each party must make reasonable efforts to protect the confidentiality of any Confidential Information disclosed or produced to that party.

(b) A party who learns of a breach of confidentiality must notify the disclosing or producing party within forty-eight (48) hours of learning of such breach, and the notice must describe the scope,

nature, and known or suspected cause of the breach. The breaching or notifying party must provide a written remediation plan within five (5) business days of such notice.

10. **Survival of Obligations.** The obligations imposed by this Protective Order survive the termination of this Action.

[Remainder of this page purposefully left blank.]

Respectfully Submitted,

**MORGANROTH & MORGANROTH, PLLC**

Dated: 8/19/26 /s/ Jeffrey M. Thomson

Jeffrey B. Morganroth (P41670)
Jeffrey M. Thomson (P72202)
344 N. Old Woodward Ave., Ste. 200
Birmingham, MI 48009
Phone: (248) 864-4000
jmorganroth@morganrothlaw.com
jthomson@morganrothlaw.com

*-and-*

**GOODWIN PROCTER LLP**

Dated: 8/19/26 /s/ Joseph P. Rockers

Joseph P. Rockers
Drew DiMaiti
100 Northern Avenue
Boston, MA 02210
Phone: (617) 570-3976
jrockers@goodwinlaw.com
ddimaiti@goodwinlaw.com

***ATTORNEYS FOR PLAINTIFF KATHERINE SWEENEY***

*-and-*

**TAFT STETTINIUS & HOLLISTER LLP**

Dated: 8/19/26

/s/ Emily M. Mayer
Emily M. Mayer (P78956)
27777 Franklin Road, Suite 2500
Southfield, MI 48034
Phone (248) 351-3000
emayer@taftlaw.com

*-and-*

**MADIGAN, DAHL & HARLAN, P.A.**

Dated: 8/19/26

/s/ Christopher W. Bowman
Thomas P. Harlan
Christopher W. Bowman
33 South Sixth Street, Suite 3675
Minneapolis, MN. 55402
Phone: 612-604-2000
harlan@mdh-law.com
bowman@mdh-law.com

***ATTORNEYS FOR DEFENDANT ASSOCIATION OF INDEPENDENT MORTGAGE EXPERTS***

*-and-*

**TROUTMAN PEPPER LOCKE LLP**

Dated: 8/19/26

/s/ Matthew J. Lund

Matthew J. Lund (P48632)
500 Woodward Avenue, Suite 2800
Detroit, MI 48226
Phone: (248) 359-7370
matthew.lund@troutman.com

Jessica L. Rolls
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Phone: (214)740-8000
jessica.rolls@troutman.com

***ATTORNEYS FOR DEFENDANTS UNITED WHOLESALE MORTGAGE, LLC, AND SARAH DECIANTIS***

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 20, 2026